1  Edward D. Johnson (SBN 189475)
     wjohnson@mayerbrown.com
2  Rena Chng (SBN 209665)
     rchng@mayerbrown.com
3  Jason A. Wrubleski (SBN 251766)
     jwrubleski@mayerbrown.com
4  MAYER BROWN LLP
   Two Palo Alto Square, Suite 300
5  3000 El Camino Real
   Palo Alto, CA  94306-2112
6  Telephone:   (650) 331-2000
   Facsimile:    (650) 331-2060
7
   Kathleen Balderrama (SBN 222022)
8    kbalderrama@mayerbrown.com
   Kristen A. Rowse (SBN 235294)
9    krowse@mayerbrown.com
   MAYER BROWN LLP
10  350 South Grand Avenue, 25th Floor
   Los Angeles, CA  90071-1503
11  Telephone:  (213) 229-9500
   Facsimile:  (213) 625-0248
12
   Attorneys for Plaintiffs
13  KONINKLIJKE PHILIPS ELECTRONICS N.V. and
   U.S. PHILIPS CORPORATION
14

15              UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17                  WESTERN DIVISION

18

19

20  KONINKLIJKE PHILIPS              CASE NO. CV 07-4788-SVW (SSx)
   ELECTRONICS N.V. and
21  U.S. PHILIPS CORPORATION,        **FINAL JUDGMENT AND
                                    PERMANENT INJUNCTION**
22            Plaintiffs,

23  v.
                                    JS-6
24  POWER MEDIA CD TEK, INC.,
   WOO LEE, and JOHN DOES 1-20,
25
26            Defendants.

27

28

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**

On July 25, 2007, Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively, "Philips") filed a complaint against defendants Power Media CD Tek, Inc. and Woo Lee (collectively, "Defendants") seeking damages and injunctive relief.  On August 24, 2007, Defendants answered Philips' complaint.

On November 20, 2007, Philips filed a motion for summary judgment on its claims for breach of contract and for infringement of U.S. Patents Nos. 5,790,512 and 5,745,641 (collectively, the "Patents-in-Suit") and for a permanent injunction. Philips sought a finding of liability against Defendants on its contract and patent infringement claims and an order permanently enjoining Defendants from infringing Philips' patents.

On March 18, 2009, having fully considered the evidence and all papers filed in support of and in opposition to Philips' motion, and for the reasons stated in the Court's Order issued that same day, the Court granted summary judgment in Philips' favor.  In so doing, the Court found that Defendants breached their licensing agreements with Philips and that following Philips' valid termination of those agreements, Defendants infringed the Patents-in-Suit.

On review of the record, the Court also finds that:  (i) Philips has succeeded on the merits of its patent infringement claims against Defendants for infringement of the "Patents-in-Suit"; (ii) Philips has made the requisite showing of irreparable harm without this Court's intervention; (iii) the balance of hardships tips in favor of Philips; and (iv) no public interest would be harmed by the grant of an injunction.

Now, therefore, the Court **ORDERS** that:

1.     Judgment shall be entered in favor of Philips and against Defendants on Philips' causes of action for patent infringement and breach of contract.  Philips does not seek, and the Court does not grant, monetary judgment against Defendants;

-1-

2.      Defendant Power Media CD Tek, Inc., its former and current officers (including defendant Woo Lee), agents, servants, employees, attorneys, or any other persons or entities acting in concert or participation with any of them are **RESTRAINED AND PERMANENTLY ENJOINED** from:

(a)     making, replicating, selling, offering for sale, importing, advertising, promoting, marketing, or otherwise disposing of DVDs, or discs no more than colorably different therefrom, during the respective terms of any of the relevant patents associated with the Disc License Programs that are essential to the manufacture and sale of DVDs as now or hereafter identified on the Philips website at www.ip.philips.com (the "Essential Patents");

(b)     inducing or contributing to another's making, replicating, selling, offering for sale, importing, advertising, promoting, marketing, or otherwise disposing of DVDs, or discs no more than colorably different therefrom, during the respective terms of any of the Essential Patents; or

(c)     effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(b), above.

This permanent injunction is effective immediately on all persons who have actual knowledge of this Order; and

//

//

//

//

//

3.     This Court shall retain jurisdiction to enforce the terms of this permanent injunction and all other provisions of this judgment.

**IT IS SO ORDERED.**

DATED:  May 21, 2009

_____
Hon. Stephen V. Wilson
United States District Judge

-3-